1
2
3
4
5
6

**United States District Court**
For the Northern District of California

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   DARRELL MCDONALD, et al.,                    No. C 12-4610 MMC

11                   Plaintiffs,                  **ORDER AFFORDING PARTIES**
                                                  **OPPORTUNITY TO FILE**
12        v.                                      **SUPPLEMENTAL BRIEFING RE:**
                                                  **STANDING; DEFERRING RULING**
13   INDYMAC MORTGAGE SERVICES, et al.,           **PENDING SUBMISSION OF**
                                                  **SUPPLEMENTAL BRIEFS**
14                   Defendants.
                                        /
15

16        Before the Court are three motions to dismiss plaintiffs' First Amended Complaint,

17   filed, respectively, by (1) defendant Wells Fargo Bank, N.A. on November 28, 2013; (2)

18   NDeX West, LLC on November 29, 2012; and (3) OneWest Bank F.S.B. and Deutsche

19   Bank National Trust Company on November 29, 2012.  Plaintiffs have filed opposition, to

20   which defendants have replied.

21        In reviewing the applicable law, it has come to the Court's attention that a number of

22   plaintiffs' claims may be subject to dismissal for lack of standing.  See B.C. v. Plumas

23   Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999) (noting "federal courts are required

24   sua sponte to examine jurisdictional issues such as standing").  In particular, for parties

25   who have filed for bankruptcy, the Bankruptcy Code provides that (1) the bankruptcy

26   "estate is comprised of . . . all legal or equitable interests of the debtor in property as of the

27   commencement of the [bankruptcy] case," see 11 U.S.C. § 541(a)(1), and (2) "property of

28   the estate that is not abandoned . . . and that is not administered in the case remains

1  property of the estate," <u>see</u> 11 U.S.C. § 554(d); <u>see also</u> <u>Sierra Switchboard Co. v.</u>

2  <u>Westinghouse Elec. Corp.</u>, 789 F.2d 705, 706, 710 (9th Cir. 1986) (affirming dismissal of

3  emotional distress claim; holding plaintiff "lacked capacity to sue" because plaintiff's "claim

4  . . . remained property of the bankruptcy estate" under § 541(a)(1)); 11 U.S.C. § 108(a)

5  (providing for time period within which "trustee may commence . . . action").  The Court

6  finds it appropriate to afford the parties an opportunity to file supplemental briefing on the

7  subject.[1]

8          Accordingly, the parties are hereby DIRECTED to file, no later than March 1, 2013,

9  their supplemental briefs on the question of standing, said briefs not to exceed ten pages in

10 length.  Any reply thereto shall be filed no later than March 15, 2013, and shall not exceed

11 seven pages in length.  In the interim, the Court will defer ruling on the pending motions to

12 dismiss.

13      **IT IS SO ORDERED.**

14

15 Dated: February 15, 2013

MAXINE M. CHESNEY
United States District Judge

16

17

18

19

20

21

22

23 [1] The claims the Court has identified as potentially covered by §§ 541(a)(1) and
554(d) are as follows:  plaintiff's First through Eleventh Causes of Action ("Fraud");
Thirteenth Cause of Action ("Violation of 15 U.S.C. § 1692 et seq the Fair Debt Collection
24 Practices Act (FDCPA)"); Fourteenth Cause of Action ("Violation of RESPA 12 C.F.R. § 226
et seq. and 12 C.F.R. § 2605"); Sixteenth Cause of Action ("False Advertising, California
25 Bus. and Prof. § 17500"); Seventeenth Cause of Action ("Wrongful Foreclosure");
Twentieth Cause of Action ("Negligent Infliction of Emotional Distress"); Twenty-Second
26 Cause of Action ("Violation of California Civil Code § 2943(b)(1)"); and Twenty-Third Cause
of Action ("Slander of Title").  If any defendant is of the view that any other cause(s) of
27 action are covered by the Bankruptcy Code, it should discuss such additional cause(s) of
action as well.

28