United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRELL MCDONALD and FLORA
MCDONALD,

        Plaintiffs,

  v.

INDYMAC MORTGAGE SERVICES, et al.,

        Defendants.

No. C 12-4610 MMC

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS**

    Before the Court are three motions to dismiss plaintiffs' First Amended Complaint ("FAC"), filed, respectively, by (1) defendant Wells Fargo Bank, N.A. ("Wells Fargo") on November 28, 2013; (2) NDeX West, LLC ("NDeX") on November 29, 2012; and (3) OneWest Bank F.S.B. ("OneWest") and Deutsche Bank National Trust Company ("Deutsche Bank") on November 29, 2012. Plaintiffs have filed a single, joint opposition,[1] to

---

[1] Plaintiffs' opposition includes an objection to each said motion as untimely, see Fed. R. Civ. P. 15(a)(3) (providing responses to amended pleadings "must be made . . . within 14 days after service of the amended pleading"); (FAC, filed Nov. 13, 2012), and as unsupported by a declaration (see Civil L.R. 7-5(a) (setting forth circumstances under which supporting declarations required); additionally, plaintiffs object to NDeX's motion as lacking a table of contents and table of authorities (see Civil L.R. 7-4(a)(2) (requiring table of contents and table of authorities where brief exceeds 10 pages in length)). Plaintiffs' objection is not well taken. First, the ordinary penalty for a failure to timely respond to a complaint or amended complaint is entry of default, which, given the brevity of the delay here, was neither requested nor warranted. See, e.g., Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002) (affirming denial of default where motion to dismiss filed short time after deadline for responsive pleading). Second, declarations are required only to support "factual contentions" made by the moving party, see Civil L.R. 7-5(a); the instant motions are based solely on the sufficiency of the facts as pleaded by

which defendants have separately replied. Additionally, at the Court's request, the parties have submitted supplemental briefing on the issue of standing.[2]

Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision thereon, and hereby rules as follows.

**BACKGROUND**

On August 26, 2003, plaintiffs borrowed money from Washington Mutual Bank to purchase a home located in Novato, California (hereinafter, "the property"). (See FAC ¶¶ 22-23.) On April 22, 2005, plaintiffs refinanced their home loan with Residential Mortgage Capital for $539,500, and secured the loan against the property with a Deed of Trust. (See FAC ¶ 24; NDeX Request for Judicial Notice ("RJN") Ex. 1.) The Deed of Trust identifies Residential Mortgage Capital as the lender, Chicago Title Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (See id.) By a March 9, 2009 Assignment of Deed of Trust, all beneficial interest under the Deed of Trust was assigned to IndyMac Federal Bank, FSB. (See FAC ¶ 69; NDeX RJN Ex. 3.) By a March 16, 2009 Substitution of Trustee, NDeX was substituted as trustee. (See FAC ¶ 75; NDeX RJN Ex. 4.) By a May 21, 2009 Assignment of Deed of Trust, all beneficial interest under the Deed of Trust was assigned to Deutsche Bank. (See FAC ¶ 84; NDeX RJN Ex. 7.)[3]

---

plaintiffs. Lastly, NDeX, within the month following its filing of the motion here at issue, filed a revised motion in which it has included both a table of contents and a table of authorities. Accordingly, the objection is hereby DENIED.

[2] "[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999).

[3] Defendants request the Court take judicial notice of two Deeds of Trust, two Assignments of Deed of Trust, a Substitution of Trustee, and a Short Form Deed of Trust (see, e.g., NDeX Request for Judicial Notice ("RJN"), Doc. 60-2), as well as the filings in plaintiffs' bankruptcy case (see OneWest RJN, Doc. 84). When ruling on a motion to dismiss, in addition to facts alleged in the complaint, the Court may consider facts subject to judicial notice. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir.1988) (holding a court may "take judicial notice of matters of public record outside the pleadings") (internal quotation and citation omitted). Accordingly, defendants' request for judicial notice

On April 4, 2006, plaintiffs obtained a "home equity line of credit" from Wells Fargo, secured by a second Deed of Trust on the property. (See FAC ¶ 28; Wells Fargo RJN Ex. 1.) On December 24, 2008, Wells Fargo filed suit against plaintiffs in Marin County Superior Court, seeking money damages based on said line of credit (see FAC ¶ 50); thereafter, judgment was entered against plaintiffs (see FAC ¶ 100), secured by a Short Form Deed of Trust on the property (see FAC ¶ 102; Wells Fargo RJN Ex. 2.)

On November 19, 2010 plaintiffs filed for bankruptcy, and on August 9, 2011 received a discharge under Chapter 7. (See FAC ¶¶ 107, 115.)

On September 2, 2012, plaintiffs filed the instant action, naming Wells Fargo, NDeX, OneWest, and Deutsche Bank[4] as defendants thereto and asserting various causes of action, all based on the assertion that none of the defendants owns an interest in the property.

In their First Amended Complaint ("FAC"), plaintiffs allege the following twenty-four causes of action: "Fraud" (First through Eleventh Causes of Action); "Violation of Truth In Lending (TILA) 15 U.S.C. § 1601 et seq." (Twelfth Cause of Action); "Violation of 15 U.S.C. § 1692 et seq. the Fair Debt Collection Practices Act (FDCPA)" (Thirteenth Cause of Action); "Violation of RESPA 12 C.F.R. § 226 et seq. and 12 C.F.R. § 2605" (Fourteenth Cause of Action); "Unfair Competition Law (UCL), California Bus. And Prof. § 17200 et seq." (Fifteenth Cause of Action); "False Advertising, California Bus. And Prof. § 17500" (Sixteenth Cause of Action); "Wrongful Foreclosure" (Seventeenth Cause of Action); "Quiet Title" (Eighteenth Cause of Action); "Rescission under TILA 15 U.S.C. § 1635, Unconscionable Contract and Fraud" (Nineteenth Cause of Action); "Negligent Infliction of Emotional Distress ["NIED"]" (Twentieth Cause of Action); "the Modification is Void or Voidable Since its Terms Violate the Provisions of California Civil Code § 1916.7 and or are

---

as to the above-referenced documents is hereby GRANTED.

[4] A fifth named defendant, IndyMac Mortgage Services, is not a separate entity, but rather a division of OneWest. (See FAC ¶ 258.)

Unconscionable" (Twenty-First Cause of Action); "Violation of California Civil Code § 2943(b)(1)" (Twenty-Second Cause of Action); "Slander of Title" (Twenty-Third Cause of Action); and "Break in Chain of Title and Splitting of the Note from the Deed of Trust" (Twenty-Fourth Cause of Action).

Defendants move to dismiss all said causes of action for lack of standing and for failure to state a claim.

## LEGAL STANDARD

Dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction can be based on a plaintiff's lack of Article III standing. See Maya v. Centex Corp., 658 F.3d 1060, 1067 (2011). In analyzing a motion to dismiss for lack of standing, the Court may "require the plaintiff to supply, by amendment to the complaint . . . , further particularized allegations of fact deemed supportive of plaintiff's standing." See id.

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss on either ground, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Maya, 658 F.3d at 1068. "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual material, accepted as true, to 'state a

4

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted). Although Iqbal and Twombly do not apply to motions to dismiss based on lack of standing, a plaintiff, to survive such motions, may not simply "rely on a bare legal conclusion" or "engage in an ingenious academic exercise in the conceivable." See Maya 658, F.3d at 1068 (internal quotation and citation omitted).

## DISCUSSION

**A. STANDING**

Where, as here, a party has filed for bankruptcy, the bankruptcy "estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case," see 11 U.S.C. § 541(a)(1), including a legal cause of action, see Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001). When filing for bankruptcy, a debtor must file "a schedule of assets and liabilities," see 11 U.S.C. § 521, including therein any legal claim that accrued prior to the debtor's petition date, see Cusano, 264 F.3d at 947. Where a debtor fails "properly to schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and [does] not revert to [the debtor]." See id. at 945-946; 11 U.S.C. § 554(d) (providing "[p]roperty of the estate that is not abandoned . . . and that is not administered in the case remains property of the estate"). Where a legal claim remains property of the bankruptcy estate, a debtor may not bring a lawsuit based thereon. See also Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 706, 710 (9th Cir. 1986) (affirming dismissal of emotional distress claim; holding plaintiff "lacked capacity to sue" because plaintiff's "claim . . . remained property of the bankruptcy estate" under § 541(a)(1)).

Here, plaintiffs filed for bankruptcy on November 19, 2010. (See FAC ¶ 107.) In their bankruptcy petition, plaintiffs did not schedule any of the claims alleged in the instant

action. (See OneWest RJN, Doc. 84, Ex. 1, Ex. 3). Because plaintiffs did not schedule any of the claims alleged in the instant action, such claims remain property of the bankruptcy estate. See Cusano, 264 F.3d at 945-46. Consequently, plaintiffs lack standing to bring any cause of action that accrued prior to plaintiffs' filing for bankruptcy. See In re Pace, 146 B.R. 562, 566 (B.A.P. 9th Cir. 1992) (holding, where "malpractice claim was not scheduled . . . the claim remained property of the estate in accordance with § 554(d)"); In re Smith, 235 F.3d 472, 478 (9th Cir. 2000) (noting property acquired after commencement of bankruptcy case remains property of debtor, separate from property of the estate).

The Court next addresses in turn each of plaintiffs' causes of action.[5]

### 1. First, Second and Seventeenth Causes of Action

Plaintiffs concede they lack standing to bring the First (Fraud), Second (Fraud) and Seventeenth (Wrongful Foreclosure) Causes of Action. (See Pls.' Supp'l Br. at 4:6-9, 7:21-22.)

Accordingly, the First, Second, and Seventeenth Causes of Action will be dismissed for lack of standing, without leave to amend.

### 2. Thirteenth and Fourteenth Causes of Action

Plaintiffs concede they lack standing to bring the Thirteenth (FDCPA) and Fourteenth (RESPA) Causes of Action as currently pleaded and request leave to amend to allege violations occurring after the date they filed their bankruptcy case. Because any causes of action arising from violations occurring after plaintiffs filed for bankruptcy are not property of the bankruptcy estate, plaintiffs would have standing to bring such causes of action.

Accordingly, the Thirteenth and Fourteenth Causes of Action will be dismissed for lack of standing, with leave to amend.

### 3. Twentieth through Twenty-Third Causes of Action

---

[5] Plaintiffs concede the Twelfth Cause of Action is barred by the statute of limitations and withdraw that claim (see Opp'n at 10:26); the Court thus does not further address herein the Twelfth Cause of Action.

6

Plaintiffs concede they lack standing to bring the Twentieth (NIED), Twenty-First (Cal. Civ. Code § 1916.7), Twenty-Second (Cal. Civ. Code § 2943(b)(1)), and Twenty-Third (Slander of Title) Causes of Action. (See Pls.' Supp'l Br. ¶¶ XV-XVII.) Plaintiffs argue, however, they should be given leave to amend their complaint to recover damages that continue post-bankruptcy. A cause of action "accrues . . . when a controversy is ripe — that is, when all of the elements of a cause of action have occurred and a suit may be maintained." See Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1388 (2004). That a breach or other wrong has a continuing impact does not affect the date of accrual of such causes of action. See id. at 1389.

Accordingly, the Twentieth through Twenty-Third Causes of Action will be dismissed for lack of standing, without leave to amend.

### 3. Third through Eleventh, Fifteenth, Sixteenth, Eighteenth, and Nineteenth Causes of Action

Plaintiffs argue they have standing to bring their Third through Eleventh (Fraud), Fifteenth (UCL § 17200), Sixteenth (UCL § 17500), Eighteenth (Quiet Title), and Nineteenth (TILA) Causes of Action; plaintiffs assert each such claim is based in fraud,[6] and plaintiffs "did not become aware of the facts supporting the cause[s] of action until after the bankruptcy discharge." (See, e.g., Pls.' Supp'l Br. at 7:15-16; McDonald Decl. ¶ 101 (stating plaintiffs were not aware until summer of 2012 that signatures on assignment of deeds of trust were fraudulent); see also Prudential Home Mortgage Co. v. Superior Court, 66 Cal. App. 4th 1236, 1246 (1998) (providing "under the delayed discovery rule, a cause of action will not accrue until the plaintiff discovers or should have discovered, through the exercise of reasonable diligence, all the facts essential to the cause of action"); Cal. Civ. Proc. Code § 338(d) (providing "action for relief on the ground of fraud or mistake . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake"). Plaintiffs have not, however, pleaded such facts in their

---

[6] Plaintiffs allege the signatures on each Assignment of Deed of Trust are forgeries. (See FAC ¶¶ 348, 350.)

7

1  FAC, nor have they alleged their inability to discover such facts earlier "despite reasonable
2  diligence." See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 809 (2005) (holding, "a
3  plaintiff whose complaint shows on its face that his claim would be barred without the
4  benefit of the discovery rule must specifically plead facts to show (1) the time *and* manner
5  of discovery and (2) the inability to have made earlier discovery despite reasonable
6  diligence") (emphasis in original) (internal quotation and citation omitted).

Accordingly, the Third through Eleventh, Fifteenth, Sixteenth, Eighteenth, and Nineteenth Causes of Action will be dismissed for lack of standing, with leave to amend.

### 4. Twenty-Fourth Cause of Action

Nowhere in their supplemental briefing or elsewhere have plaintiffs addressed the question of standing with respect to the Twenty-Fourth Cause of Action (Break in Chain of Title), and nothing in said claim suggests it is based on fraud. (See FAC ¶ 472-80) (alleging "[t]he chain of title has been broken," and that "the Note and the Deed of Trust have been irreparably split").

Accordingly, the Twenty-Fourth Cause of action will be dismissed for lack of standing, without leave to amend.

**B. Sufficiency of Factual Allegations**

Although the FAC will be dismissed in its entirety for failure to adequately allege standing, plaintiffs, as discussed above, will be afforded leave to amend fifteen of their causes of action to cure that deficiency if they can do so. Accordingly, in the interests of judicial economy, the Court next addresses the adequacy of the factual allegations offered in support of those claims as currently pleaded.

### 1. Third through Ninth Causes of Action (Fraud)

Defendants move to dismiss plaintiffs' Third through Ninth Causes of Action, on the ground that each such claim is time-barred. Plaintiffs' Third through Ninth Causes of Action are based on false statements allegedly made by defendants between March 2009 and September 2, 2009, and, as noted, plaintiffs filed their complaint on September 4, 2012, a

8

date more than three years after the last allegedly fraudulent act. See Cal. Civ. Proc. Code § 338(d) (providing three-year statute of limitations for "[a]ctions for relief on the ground of fraud or mistake"). As further noted, however, plaintiffs assert said claims were not discovered until the summer of 2012, see Cal. Civ. Proc. Code § 338(d) (providing "action for relief on the ground of fraud or mistake . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake"), and plaintiffs have been given leave to amend to plead facts supporting such assertedly delayed discovery.

Accordingly, for all such reasons, the Third through Ninth Causes of Action will be dismissed with leave to amend.

### 2. Tenth Cause of Action

Plaintiffs' Tenth Cause of Action is based on a loan modification agreement signed September 10, 2009. (See FAC ¶ 249.) Plaintiffs allege defendants "have no interest in the [p]roperty and made false representations in order to obtain money in the form of mortgage payments from [p]laintiffs." (See FAC ¶ 255.) Plaintiffs' sole conclusory allegation does not suffice to plead fraud with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. In particular, plaintiffs must plead the language of the statement and the person(s) who made the statement, as well as when the statement was made and why it is false. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged") (internal quotation and citation omitted).

Accordingly, the Tenth Cause of action will be dismissed on said additional ground, with leave to amend.

### 3. Eleventh Cause of Action

The Eleventh Cause of Action, also alleging fraud, is based on a letter sent by IndyMac Mortgage Services on December 2, 2009 (see FAC ¶ 258), i.e., less than three years before the filing of the complaint. Nonetheless, said cause of action, as pleaded, is

deficient. Although the FAC alleges a false statement and the asserted reason it is false, it contains no allegation that defendants knew such statement was false. See City of Indus. v. City of Fillmore, 198 Cal. App. 4th 191, 211 (2011) (holding "essential elements of fraud" include "knowledge of falsity").

Accordingly, the Eleventh Cause of Action will be dismissed on said additional ground, with leave to amend.

### 4. Sixteenth Cause of Action

In their Sixteenth Cause of Action, plaintiffs allege defendants engaged in false advertising, in violation of California Business and Professions Code § 17500, by recording with the Marin County Recorder's Office the above-referenced Assignments of Deed and by filing "documents" with the Securities and Exchange Commission ("SEC"). (See ¶¶ 316-17.) The FAC contains no factual allegations from which one can infer from the recording of any such document an intent on the part of any defendant to "dispose of real . . . property" or to "induce the public to enter into any obligation relating thereto," see Cal. Bus. & Prof. Code § 17500, and, consequently, fails to state a claim, see id.

Accordingly, the Sixteenth Cause of Action will be dismissed on said additional ground, with leave to amend.

### 5. Eighteenth Cause of Action

In their Eighteenth Cause of Action, plaintiffs seek to quiet title to the property.[7] An action to quiet title is based in equity, and "he who seeks equity must do equity." See Mix v. Sodd, 126 Cal. App. 3d 386, 390 (Ct. App. 1981). To bring a claim to quiet title, plaintiffs must show they "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." See Kelley v. Mortgage Elec. Registration Sys., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009); Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d

---

[7] Plaintiffs argue the motions to dismiss the Eighteenth Cause of Action fail because the motions are not verified. While an "answer" to a cause of action to quiet title must be verified, see Cal. Civ. Proc. Code § 761.030, there is no such requirement for a motion to dismiss.

1160, 1177-78 (E.D. Cal. 2010) (holding in "absence of a meaningful ability or willingness to tender [debt], a purported quiet title claim fails"). Plaintiffs have not tendered payment to any defendant.

Plaintiffs contend that they do not need to tender payment because their debt to Wells Fargo, secured by the Short Form Deed of Trust (see Wells Fargo RJN Ex. 2), was discharged in the bankruptcy proceeding. Although "a defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation," such a discharge "extinguishes only the personal liability of the debtor . . . [and] a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." See Johnson v. Home State Bank, 501 U.S. 78, 82 (1991) (internal quotation and citation omitted); In re Mechling, 284 B.R. 127, 130 (Bankr. D. Idaho 2002) (holding "lien secured by property of the estate as of the time of filing remains on that property after filing and after discharge" and "may be enforced against the property, in rem, after discharge and after closing"). Consequently, plaintiffs' debt to Wells Fargo has not been discharged, and plaintiffs' failure to plead tender thus precludes their ability to quiet title.

Accordingly, the Eighteenth Cause of Action will be dismissed on said additional ground, with leave to amend.

### 6. Nineteenth Cause of Action

In their Nineteenth Cause of Action, plaintiffs seek rescission of the original Deed of Trust and their loan modification. Plaintiffs concede their claim, to the extent it is based on the original loan, is time-barred, but argue the claim is not barred to the extent it is based on the modification. (See Opp'n at 23:1-2.) A claim for rescission under TILA must be brought within three years. See 15 U.S.C.A. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . ."). As the loan modification was signed by plaintiffs on September 10, 2009 and the lawsuit was filed on September 2, 2012, a claim brought thereon would not be time-barred.

TILA, however applies to a refinancing, i.e., where "an existing obligation . . . is

satisfied and replaced by a new obligation undertaken by the same consumer"; it does not apply to a loan modification, i.e., a transaction where the terms of the original obligation are merely revised. See In re Hart, 246 B.R. 709, 737 (Bankr. D. Mass. 2000) (internal quotation and citation omitted); see also De Jose v. EMC Mortg. Corp., 2011 WL 1539656 (N.D. Cal. Apr. 18, 2011) (holding "TILA disclosure requirements do not apply to forbearance or loan modification agreements that simply reduce the interest rate and payment schedule of a loan"). As the precise nature of the September 10, 2009 transaction is not described in the FAC, plaintiffs will be afforded an opportunity to plead, if they can do so, facts showing TILA's applicability thereto.

Accordingly, the Nineteenth Cause of Action will be dismissed on said additional ground, with leave to amend.

**7. Fifteenth Cause of Action**

California's Unfair Competition Law ("UCL") prohibits "unlawful, unfair, or fraudulent business act[s] or practice[s]." See Cal. Bus. & Prof. Code § 17200. Here, plaintiffs' claim under § 17200 is based on their claims of fraud and statutory violations. As discussed above, plaintiffs' claims alleging fraud and statutory violations are subject to dismissal. Consequently, plaintiffs' claim under the UCL likewise is subject to dismissal. See, e.g. Dorado v. Shea Homes Ltd. Partnership, 2011 WL 3875626, at *19 (holding "[w]here a plaintiff cannot state a claim under the 'borrowed' law, she cannot state a UCL claim" under the "unlawful" prong) (citing Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal. App. 4th 700, 718 (2001)).

Accordingly, the Fifteenth Cause of Action will be dismissed on said additional ground, with leave to amend.

**CONCLUSION**

Defendants' motion to dismiss is hereby GRANTED as follows:

1. Plaintiff's First, Second, Twelfth, Seventeenth, and Twentieth through Twenty-Fourth Causes of Action are hereby DISMISSED without leave to amend.

   2. Plaintiffs Third through Eleventh, Thirteenth through Sixteenth, Eighteenth, and Nineteenth Causes of Action are hereby DISMISSED with leave to amend.

   3. Plaintiffs' amended pleading, if any, shall be filed on or before June 14, 2013. In any such amended pleading, given the multiplicity of claims and parties, plaintiffs must specify each defendant against whom each cause of action is brought and the particular acts committed by each said defendant. A general incorporation of all facts pleaded earlier will not suffice. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (1996) (affirming district court's dismissal of action where "prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action").

**IT IS SO ORDERED.**

Dated: May 22, 2013

                _____
                MAXINE M. CHESNEY
                United States District Judge