United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRELL MCDONALD, et al.,

        Plaintiffs,

  v.

INDYMAC MORTGAGE SERVICES, et al.,

        Defendants.

_____/

No. C 12-4610 MMC

**ORDER GRANTING PLAINTIFFS'
MOTION FOR RECONSIDERATION**

On May 28, 2013, plaintiffs filed a "Motion for Relief from Judgement, Order, or Proceeding," by which plaintiffs seek reconsideration of the Court's order, filed May 22, 2013, dismissing plaintiffs' Twenty-Fourth Cause of Action without leave to amend.  By order filed May 29, 2013, the Court construed said filing as a motion for leave to file a motion for reconsideration, see Civil L.R. 7-9, granted said motion, construed the filing as plaintiffs' motion for reconsideration, and set a date for any opposition thereto, see Order filed, May 29, 2013.  Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), NDeX West, LLC ("NDeX"), OneWest Bank F.S.B. ("OneWest"), and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, "defendants") thereafter filed timely opposition, to which plaintiffs have replied.  Having read and considered the papers submitted in support of and opposition to the motion, the Court deems the matter appropriate for decision on the parties' respective written submissions, and rules as follows.

**PROCEDURAL BACKGROUND**

On November 28, 2013, defendant Wells Fargo filed a motion to dismiss plaintiff's complaint; the following day, defendants OneWest and Deutsche Bank jointly filed a motion to dismiss and defendant NDeX filed a separate motion to dismiss.  After reviewing the motions, the Court, on February 15, 2013, issued an order affording the parties an opportunity to file supplemental briefing on the issue of whether plaintiffs, in light of their earlier filed bankruptcy, lack standing to bring the claims alleged.  (See Order, filed Feb. 15, 2013); see also 11 U.S.C. § 541(a)(1) (providing bankruptcy "estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case"); 11 U.S.C. § 554(d) (providing "property of the estate that is not abandoned . . . and that is not administered in the case remains property of the estate").  In said order, the Court identified eighteen causes of action as potentially barred, which causes of action did not include the Twenty-Fourth, and instructed defendants to address any other causes of action they contended were likewise barred.  (See Order, filed Feb. 15, 2013.)

In their initial supplemental briefs, both NDeX and plaintiffs addressed only the causes of action the Court had identified in its February 15, 2013 order; Wells Fargo, OneWest, and Deutsche Bank, however, argued the entirety of the complaint was subject to dismissal for lack of standing.  Thereafter, plaintiffs filed their supplemental reply brief, in which they responded as to all causes of action they had not previously addressed, with the exception of the Twenty-Fourth.

By order filed May 22, 2013, the Court dismissed all of plaintiffs' claims for lack of standing and granted plaintiffs leave to amend their Third through Eleventh, Fifteenth, Sixteenth, Eighteenth, and Nineteenth Causes of Action, in light of plaintiffs' argument that each said claim was based on fraud and that plaintiffs did not become aware of such fraud until after the bankruptcy discharge.  (See Order, filed May 22, 2013.)  In addition, the Court granted plaintiffs leave to amend their Thirteenth and Fourteenth Causes of Action to

1   allege violations occurring after they filed for bankruptcy.  (See id.)  The remaining nine

2   causes of action were dismissed without leave to amend, including the Twenty-Fourth.

3       In support of the instant motion, plaintiffs state they inadvertently failed to address

4   the Twenty-Fourth Cause of Action, and request leave to amend to allege therein the same

5   fraudulent activity on which they base the above-referenced claims for which leave to

6   amend to allege fraud has been granted.  (See McDonald Decl. ¶ 25.)  In response,

7   defendants argue plaintiffs have not met any of the grounds listed in Civil Local Rule 7-9.

8   See Civil L.R. 7-9(b).  That rule, however, governs motions for leave to file a motion for

9   reconsideration, see Civil L.R. 7-9(a), which leave, as noted, the Court has already granted.

10  (See Order filed May 29, 2013.)  In granting such leave, the Court considered Rule 7-9,

11  which, as defendants point out, does not encompass plaintiffs' circumstances within its

12  parameters.  The Court, however, found equitable grounds existed for the relief sought,

13  given the manner in which the potentially barred claims were initially identified by the Court

14  and thereafter argued by the respective defendants.  See Abada v. Charles Schwab & Co.,

15  Inc., 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000) (holding "[a] district court may reconsider

16  and reverse a previous interlocutory decision for any reason it deems sufficient, even in the

17  absence of new evidence or an intervening change in or clarification of controlling law").

18  Accordingly, the Court next turns to the merits of the motion for reconsideration.

19                                **DISCUSSION**

20      Defendants argue the requested leave to amend the Twenty-Fourth Cause of Action

21  ("Break in Chain of Title and Splitting of the Note from the Deed of Trust") would be futile

22  because plaintiffs "cannot base a claim on a foreclosure that does not exist."  (See

23  OneWest and Deutsche Bank Opp'n at 4:9; Wells Fargo and NDeX Joinders.)  Defendants,

24  however, cite to no authority holding plaintiffs' claim will not lie absent foreclosure.

25  Although defendants are correct that plaintiffs cannot base a claim on the alleged splitting

26  of the note from the deed of trust, and although the Court has found plaintiffs lack standing

27  to bring a claim based on such allegation as well as on allegations relating to the closing

28

                                   3

1    date of the trust into which the deed of trust was deposited (see Order, filed May 22, 2013),

2    plaintiffs' proposed amendment is not based solely on such allegations, and, indeed,

3    shares a common ground with the other claims for which they have been granted leave to

4    amend to assert fraud.[1]  Under such circumstances, the Court finds plaintiffs have shown

5    good cause for the Court to reconsider and amend its prior order.

6                                    **CONCLUSION**

7          For the reasons stated above, plaintiffs' motion for reconsideration of the Court's

8    order dismissing the Twenty-Fourth Cause of Action without leave to amend is hereby

9    GRANTED, and said cause of action is hereby DISMISSED with leave to amend.[2]

10         **IT IS SO ORDERED.**

11

12   Dated: July 11, 2013
                                                    MAXINE M. CHESNEY
13                                                  United States District Judge

14

15

16

17

18

19

20

21

22

23         [1] Plaintiffs' proposed Twenty-Fourth Cause of Action is potentially duplicative of their
     Eighteenth Cause of Action ("Quiet Title"), which was dismissed with leave to amend. The
24   Court, however, will afford plaintiffs an opportunity to attempt to plead a cognizable
     separate claim.
25
           [2] Plaintiffs are hereby advised such leave to amend is for the sole purpose of
26   alleging a claim based on fraud and reasonable delayed discovery thereof. They are not to
     allege a claim for which a cause of action had already accrued prior to their bankruptcy
27   proceeding, i.e., one based on the alleged closing date of the trust or splitting of the note
     from the deed of trust. (See Order, filed May 22, 2013.)
28

                                            4