1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   DARRELL MCDONALD and FLORA            No. C 12-4610 MMC
     MCDONALD,
12                                         **ORDER GRANTING WELLS FARGO'S**
                   Plaintiffs,             **MOTION TO DISMISS; GRANTING IN**
13        v.                               **PART AND DENYING IN PART**
                                           **ONEWEST/DEUTSCHE BANKS'**
14   INDYMAC MORTGAGE SERVICES, et al.,    **MOTION TO DISMISS**

15                   Defendants.
     _____/
16

17        Before the Court are two motions to dismiss plaintiffs Darrell and Flora McDonald's

18   Second Amended Complaint ("SAC"), filed, respectively, by (1) defendant Wells Fargo

19   Bank, N.A. ("Wells Fargo") on August 2, 2013; and (2) defendants OneWest Bank F.S.B.

20   ("OneWest") and Deutsche Bank National Trust Company ("Deutsche Bank") on August 12,

21   2012; defendant NDEX West, LLC ("NDEX") has filed a joinder as to the latter.  McDonald

22   has filed separate oppositions to the motions, to which Wells Fargo and

23   OneWest/Deutsche Bank have filed separate replies.  Having read and considered the

24   parties' respective written submissions, the Court rules as follows.[1]

25                              **BACKGROUND**

26        Plaintiff homeowners filed the instant action on September 4, 2012.  In their First

27   Amended Complaint ("FAC"), filed November 13, 2012, they asserted twenty-four separate

28   _____

          [1] By order filed September 17, 2013, the Court took the motions under submission.

1   causes of action.  By orders filed May 22, 2013 ("May 22 Order"), and July 11, 2013 ("July

2   11 Order"), the Court dismissed without leave to amend eight of the causes of action

3   alleged in the FAC, and afforded plaintiffs leave to amend the remaining sixteen to allege,

4   as to each such claim, both standing and sufficient facts to state a claim.

5         On July 25, 2013, plaintiffs filed their SAC, in which plaintiffs now assert the

6   following twenty-three federal and state causes of action: "Fraud" (First through Fifteenth

7   Causes of Action); "Violation of 15 U.S.C. § 1692 et seq. the Fair Debt Collection Practices

8   Act (FDCPA)" (Sixteenth Cause of Action); "Violation of RESPA 12 C.F.R. § 226 et seq.

9   and 12 C.F.R. § 2605" (Seventeenth Cause of Action);[2] "Unfair Competition Law (UCL),

10  California Bus. And Prof. § 17200 et seq." (Eighteenth Cause of Action); "False Advertising,

11  California Bus. And Prof. § 17500" (Nineteenth Cause of Action); "Quiet Title" (Twentieth

12  Cause of Action); "Rescission or Reformation of Unconscionable Modification (California

13  Code of Civil Procedure § 1689(b)(1)) and Fraud" (Twenty-First Cause of Action); "Break in

14  Chain of Title and Splitting of the Note from the Deed of Trust" (Twenty-Second Cause of

15  Action); and "Cancellation of Instruments Clouding Title (California Civil Code §§ 3412-

16  3415)" (Twenty-Third Cause of Action).

17        By the instant motions, defendants move to dismiss the SAC on the ground plaintiffs

18  have failed to cure the deficiencies previously identified by the Court.  Specifically,

19  defendants argue, plaintiffs still fail to allege standing and their factual allegations remain

20  insufficient to state a claim.

21                              **LEGAL STANDARD**

22        Dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction can be based on

23  a plaintiff's lack of Article III standing.  See Maya v. Centex Corp., 658 F.3d 1060, 1067

24  (2011).  In analyzing a motion to dismiss for lack of standing, the Court may "require the

25  plaintiff to supply, by amendment to the complaint . . . , further particularized allegations of

26  fact deemed supportive of plaintiff's standing."  See id.

27  _____

28        [2] The correct citation is 12 U.S.C. § 2605.

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss on either ground, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Maya, 658 F.3d at 1068.  "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).  Although Iqbal and Twombly do not apply to motions to dismiss based on lack of standing, a plaintiff, to survive such motions, may not simply "rely on a bare legal conclusion" or "engage in an ingenious academic exercise in the conceivable."  See Maya 658, F.3d at 1068 (internal quotation and citation omitted).

**DISCUSSION**

**A.    Standing**

Plaintiffs filed for bankruptcy on November 19, 2010 (see SAC ¶ 103), and it is undisputed that plaintiffs did not include the instant claims on their schedule of assets.

As discussed in the Court's May 22 order, where, as here, a party has filed for

1    bankruptcy, the bankruptcy "estate is comprised of . . . all legal or equitable interests of the

2    debtor in property as of the commencement of the [bankruptcy] case," see 11 U.S.C.

3    § 541(a)(1), including a legal cause of action, see Cusano v. Klein, 264 F.3d 936, 945 (9th

4    Cir. 2001).  When filing for bankruptcy, a debtor must file "a schedule of assets and

5    liabilities," see 11 U.S.C. § 521, including therein any legal claim that accrued prior to the

6    debtor's petition date, see Cusano, 264 F.3d at 947.  Where a debtor fails "properly to

7    schedule an asset, including a cause of action, that asset continues to belong to the

8    bankruptcy estate and [does] not revert to [the debtor]."  See id. at 945-46; 11 U.S.C.

9    § 554(d) (providing "[p]roperty of the estate that is not abandoned . . . and that is not

10   administered in the case remains property of the estate").  Where a legal claim remains

11   property of the bankruptcy estate, a debtor may not bring a lawsuit based thereon.  See

12   Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 706, 710 (9th Cir.

13   1986) (affirming dismissal of emotional distress claim; holding plaintiff "lacked capacity to

14   sue" because plaintiff's claim "remained property of the bankruptcy estate" under

15   § 541(a)(1)).

16          By its prior orders, the Court gave plaintiffs leave to amend the FAC's Third through

17   Eleventh, Thirteenth through Sixteenth, and Eighteenth, Nineteenth, and Twenty-Fourth

18   Causes of Action to allege facts sufficient to show those claims accrued after plaintiffs filed

19   for bankruptcy and, consequently, are not part of the bankruptcy estate.[3]  Specifically, the

20   Court afforded plaintiffs leave to amend to plead violations that either occurred after

21   plaintiffs filed for bankruptcy (see May 22 Order at 6) or, alternatively, were not, despite

22   reasonable diligence, discoverable until such time (see id. at 7; July 11 Order at 4).[4]  The

23   Court addresses below each amended claim, beginning with the two alleged under federal

24

25          [3]The claims alleged in said sixteen causes of action correspond to the claims alleged
26   in the Fourth through Twenty-Second Causes of Action in the SAC.

27          [4] To the extent OneWest, Deutsche Bank, and NDEX, citing the May 22 order, argue
     plaintiffs' amendment of their FDCPA and RESPA claims should be limited to alleging
28   "violations occurring after they filed for bankruptcy" (see OneWest Mot. 2:13–15), the Court
     disagrees.

1    law.

2              **1.**      **Sixteenth and Seventeenth Causes of Action (Federal Causes of Action)**

3        Plaintiffs' federal claims are alleged as the Sixteenth ("FDCPA") and Seventeenth

4    ("RESPA") Causes of Action (formerly the Thirteenth and Fourteenth). In alleging standing

5    for their FDCPA claim, plaintiffs rely on an allegation of late discovery; as to their RESPA

6    claim, plaintiffs rely on an allegation that the facts giving rise thereto occurred after they

7    filed for bankruptcy. The Court addresses each of plaintiffs' federal claims in turn.

8              **a.**     **FDCPA**

9        "[F]ederal law determines when the limitations period begins to run, and the general

10    federal rule is that a limitations period begins to run when the plaintiff knows or has reason

11    to know of the injury which is the basis of the action." Mangum v. Action Collection Serv.,

12    Inc., 575 F.3d 935, 940 (9th Cir. 2009) (internal quotation and citation omitted). "The

13    plaintiff must be diligent in discovering the critical facts," and, if not, will be barred from

14    bringing his claim even if he "did not actually know that his rights were violated." Bibeau v.

15    Pacific Nw. Research Found. Inc., 188 F.3d 1105, 1108 (9th Cir. 1999).

16        Here, plaintiffs FDCPA claim is predicated upon the allegation that the signature of

17    Roger Stotts, which appeared on two separate Assignments of Deed of Trust (the first from

18    Mortgage Electronics Registration Systems, Inc. to IndyMac Federal Bank, FSB

19    ("IndyMac"),[5] and the second from IndyMac to Deutsche Bank), was, in each instance, a

20    forgery. (See SAC ¶¶ 298–313.) In the SAC, plaintiffs now allege they did not discover

21    Stotts's signature was forged until the summer of 2012, when they conducted internet

22    research and "saw information alleging that there were multiple versions of his signatures

23    on documents and his name appeared on several lists of 'Robo-Signers' on various

24    websites" (see SAC ¶ 308), after which plaintiffs sent the Assignments of Deed of Trust to a

25    "Forensic Document Examiner," who informed them the signatures thereon were "not

26

27        [5] Plaintiffs allege defendant OneWest "purchased the assets of Indymac Federal
28    Bank, FSB . . . from the FDIC on March 19, 2009 and became the successor in interest to [its] debts and liabilities." (See SAC ¶ 3.)

1   consistent with other notarized documents purportedly bearing the signature of Roger

2   Stotts" (see id. ¶ 309).  Plaintiffs further allege that, in the summer of 2012, they reviewed

3   documents on the website of the Securities and Exchange Commission ("SEC") and, the

4   following December, hired an auditing company to complete a "Property Securitization

5   Analysis Report," in which the auditor wrote: ""There is no evidence on Record to indicate

6   that the Deed of Trust was ever transferred concurrently with the purported legal transfer of

7   the Note."  (Id. ¶ 307.)

8        OneWest, Deutsche Bank, and NDEX contend plaintiffs' new allegations are

9   insufficient to plead standing because plaintiffs do not explain why they could not have

10  discovered their claim prior to filing for bankruptcy.  (See Mot. 5:9–12; see also id. at

11  6:18–7:6.)  The Court agrees.  Although plaintiffs set forth the time and manner of the

12  discovery of the facts underlying their claim, their allegation that they were "unable" to

13  make such discovery "despite reasonable diligence" (see SAC ¶ 306) is conclusory in

14  nature and, consequently, insufficient.  See Iqbal, 556 U.S. at 678 (holding courts "are not

15  bound to accept as true a legal conclusion couched as a factual allegation") (internal

16  quotation and citation omitted).  To the extent defendants argue said claim should be

17  dismissed without leave to amend, however, the Court disagrees.  In their opposition,

18  plaintiffs state they did not question the validity of the subject documents "until after they

19  heard on television and radio broadcasts during the summer of 2012 that banks were

20  engaging in 'Robo-signing' and the production of forged documents and notaries to create

21  the appearance of security that they in-fact lacked."  (See Opp'n 3:11–14.)  The Court will

22  afford plaintiffs leave to allege such additional facts.  Accordingly, the Sixteenth Cause of

23  Action will be dismissed with leave to amend to allege standing.

24        **b.    RESPA**

25        Plaintiffs' RESPA claim is predicated on an allegation that OneWest, after receiving

26  a Qualified Written Request sent by plaintiffs on October 26, 2010, failed to respond within

27  the sixty days required by the version of § 2605(e)(2) then in effect.  (See SAC ¶¶ 316–18.)

28  "Because the conduct complained of is the failure to respond to the alleged qualified written

request, the claim accrued, and the claim began to run, at the time of that failure."
Falcocchia v. Saxon Mortgage, Inc., 709 F. Supp. 2d 860, 868–69 (E.D. Cal. 2010)
(discussing accrual of RESPA claim).  As noted, plaintiffs filed their bankruptcy petition on
November 19, 2010, a date less than sixty days after the subject request and thus prior to
the date on which plaintiffs RESPA claim accrued.  Accordingly, the Seventeenth Cause of
Action is not subject to dismissal on standing grounds.

> ### 2.   Fourth through Fifteenth and Eighteenth through Twenty-Fourth Causes of Action (State Causes of Action)[6]

As set forth above, plaintiffs assert state causes of action for "Fraud," "Unfair
Competition," "False Advertising," "Quiet Title," "Rescission,"[7] "Break in Chain of Title," and
"Cancellation."  As to each of their state law claims, plaintiffs rely on an allegation of late
discovery.

Under California law, a "plaintiff discovers the cause of action when he at least
suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks
knowledge thereof," Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999), and such cause of
action accrues at that time unless he "pleads and proves that a reasonable investigation at
that time would not have revealed a factual basis for that particular cause of action," Fox v.
Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 803 (2005).  To benefit from the discovery rule
under California law, a plaintiff "must specifically plead facts to show (1) the time and
manner of discovery and (2) the inability to have made earlier discovery despite reasonable
diligence."  Id. at 808.

Here, as alleged against OneWest, NDEX, and Deutsche Bank, each of the state
law claims is predicated in the first instance on the same alleged forgeries as plaintiffs'

---

[6] The SAC's first three causes of action consist solely of allegations deriving from the FAC's First and Second Causes of Action, which plaintiffs were not given leave to amend. Accordingly, the First through Third Causes of Action will be dismissed without leave to amend.

[7] In the FAC, plaintiffs' cause of action for rescission was alleged as a federal claim under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.  In the instant complaint, plaintiffs bring their cause of action for rescission as a state claim under California Code of Civil Procedure section 1689(b)(1).

1   FDCPA claim, and each relies on the same allegations with respect to delayed discovery

2   as does the FDCPA claim.  As discussed above, plaintiffs fail to allege sufficient facts to

3   plead delayed discovery under the federal rule, and, consequently, plaintiffs do not satisfy

4   the California rule.  See O'Connor v. Boeing N. Am., Inc., 311 F.3d at 1148 (comparing

5   California and federal discovery rules; noting because California's discovery rule

6   "commence[s] limitations periods upon mere suspicion of the elements of a claim," it "would

7   result in an earlier commencement date" for the same claim "than the federal

8   commencement date").  As further discussed above, however, it us not clear that plaintiffs

9   are unable to cure the noted deficiencies as to standing.  Accordingly, to the extent the

10  Fourteenth through Fifteenth, the Eighteenth, as based on any state law claim, and the

11  Nineteenth through Twenty-Third Causes of Action are not otherwise subject to dismissal

12  without leave to amend, said causes of action will be dismissed with leave to amend to

13  allege standing.

14       As alleged against Wells Fargo, the quiet title cause of action, which is the sole

15  cause of action asserted as to said defendant, is predicated upon an allegation that Wells

16  Fargo "has not complied" with plaintiffs' demand that it "rescind the lien" against their

17  property created by its recording of an Abstract of Judgment obtained against plaintiffs.

18  (See SAC ¶¶ 361–362; Wells Fargo Request for Judicial Notice ("RJN") Ex. 4.)[8]  As Wells

19  Fargo points out, however, the subject judgment was entered against plaintiffs on

20  September 22, 2009 (see SAC ¶ 372; Wells Fargo RJN Ex. 4), the Abstract of Judgment

21  was recorded on October 18, 2010 (see SAC ¶ 98; Wells Fargo RJN Ex. 4), and plaintiffs

22  did not file for bankruptcy until November 19, 2010 (see SAC ¶ 103); consequently,

23  "[plaintiffs] were aware of all the facts on which their quiet title claim is based" before they

24  _____

25  [8] In support of their respective motions to dismiss, Wells Fargo and
    OneWest/Deutsche Bank request the Court take judicial notice of a number of documents,
26  all constituting public records; plaintiffs, in support of their opposition, likewise request the
    Court take judicial notice of documents constituting public records.  A court may "take
27  judicial notice of matters of public record outside the pleadings and consider them for
    purposes of [a] motion to dismiss."  Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th
28  Cir. 1988) (internal quotation and citation omitted).  Accordingly, each such request is
    hereby GRANTED.

8

filed for bankruptcy.  (See Wells Fargo Mot. 4:11–12.)  Under such circumstances, any further amendment would be futile.  See Steckman v. Hart Brewing, Inc., 143 F. 3d 1293, 1298 (9th Cir. 1998) (citing "general rule" that leave to amend following dismissal of pleading should be afforded unless "any amendment would be an exercise in futility").  Accordingly, as against Wells Fargo, the Twentieth Cause of Action will be dismissed without leave to amend.

### B.   Sufficiency of Factual Allegations

In addition to the above-discussed deficiencies, defendants move for dismissal on the grounds that plaintiffs fail to cure a number of the deficiencies identified in the Court's prior orders or otherwise fail to sufficiently plead their claims.

### 1.   Fourth Through Fourteenth Causes of Action (Fraud)

In its May 22 order, the Court dismissed as time-barred the Third through Ninth Causes of Action as alleged in the FAC, and afforded plaintiffs leave to amend.  (See May 22 Order at 3–8.)  In the SAC, those claims are alleged as the Fourth through Fourteenth Causes of Action, all of which are based on allegedly false statements made by defendants in documents pertaining to a loan secured by plaintiffs' property, and thus governed by a three-year statute of limitations.  See Cal. Civ. Pro. Code § 338(d) (providing three-year statute of limitations for "[a]ctions for relief on the ground of fraud or mistake").

With regard to the Fourth through Thirteenth Causes of Action, the latest of said statements is alleged to have been made on June 15, 2004 (see SAC ¶ 252), a date more than three years prior to the filing of the instant action (see Compl., filed September 4, 2012).  Although, as discussed above, plaintiffs now allege they did not discover the facts underlying their claims until the summer of 2012, plaintiffs have failed to plead facts sufficient to show they could not, with reasonable diligence, have made such discovery at an earlier time.  Accordingly, plaintiffs' Fourth through Thirteenth Causes of Action will be dismissed, with leave to amend, for the additional reason that, as presently pleaded, said causes of action are barred by the statute of limitations.

By contrast, the Fourteenth Cause of Action, which is alleged only against OneWest,

1   is now based on false statements alleged to have been made in a document signed by

2   OneWest on September 9, 2009, a date within the three-year limitations period.  (See SAC

3   ¶ 275.)  Accordingly, the Fourteenth Cause of Action is not subject to dismissal on grounds

4   other than lack of standing.

5             **2.      Fifteenth Cause of Action**

6             The Fifteenth Cause of Action, also alleging fraud and, as with the Fourteenth,

7   brought only against OneWest, is based on a false statement made in a letter sent by

8   IndyMac Mortgage Services on December 2, 2009, specifically a statement that plaintiffs'

9   note was held by a securitization trust.  (See SAC ¶ 284.)  In its May 22 order, the Court

10  dismissed the claim, then alleged as the Eleventh Cause of Action, for the reason that the

11  FAC contained no allegation that defendants knew the statement was false.  (See May 22

12  Order at 10:1–2.)  In the SAC, plaintiffs now allege that OneWest "knew or should have

13  known that its letter dated December 2, 2009 was a false representation . . . because a

14  note had never been placed into the trust and therefor the trust had no interest in the

15  property."  (See SAC ¶ 286.)[9]  Accordingly, the Fifteenth Cause of Action is not subject to

16  dismissal on grounds other than lack of standing.

17            **3.      Sixteenth Cause of Action**

18            The Sixteenth Cause of Action, formerly the Thirteenth, alleges a claim under the

19  FDCPA, which prohibits "debt collector[s]" from engaging in certain activities, including the

20  "use [of] any false, deceptive, or misleading representation or means in connection with the

21  collection of any debt."  See 15 U.S.C. § 1692e.  OneWest and NDEX, the two defendants

22  against whom the Sixteenth Cause of Action is asserted, argue the cause of action is

23  subject to dismissal without leave to amend because said defendants are not "debt

24  collectors" as defined in the FDCPA.  (See OneWest Mot. 8:11–12.)

25

26            [9] The Court notes that the phrase "knew or should have known," as opposed to
    "knew," denotes a claim of negligence.  See, e.g., Phillips v. TLC Plumbing, Inc., 172 Cal.
27  App. 4th 1133, 1139 (2009) ("Negligence liability will be imposed on an employer if it 'knew
    or should have known that hiring the employee created a particular risk or hazard.'").  Such
28  distinction, however, has not been raised by defendants.

10

1    The FDCPA defines "debt collector" as "any person who uses any instrumentality of

2    interstate commerce or the mails in any business the principal purpose of which is the

3    collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,

4    debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

5    Because the FDCPA's prohibitions apply only to "debt collectors" as defined therein, a

6    "complaint must plead 'factual content that allows the court to draw the reasonable

7    inference' that [the defendant] is a debt collector."  See Schlegel v. Wells Fargo Bank, NA,

8    720 F.3d 1204, 1209 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  Here, plaintiffs have

9    not alleged, let alone provided facts to support an inference, that the "principal purpose" of

10   any defendant's business is the collection of debts, or that any defendant "regularly collects

11   or attempts to collect . . . debts . . . owed or due another."  See 15 U.S.C. § 1692a(6); see

12   also  Schlegel, 720 F.3d at 1209.  As plaintiffs may be able to cure the noted deficiency,

13   however, the Court will afford plaintiffs leave to amend.  Accordingly, the Sixteenth Cause

14   of Action will be dismissed with leave to amend to allege, in addition to standing, facts

15   showing defendants are "debt collectors" as defined by the FDCPA.

16       **4.      Seventeenth Cause of Action**

17       The Seventeenth Cause of Action, as discussed above, alleges OneWest violated

18   RESPA by failing to respond to a Qualified Written Request.  OneWest, citing 12 U.S.C.

19   § 2614, argues "[s]uch claim must be brought within one year of consummation of the

20   loan."  (See OneWest Mot. 8:2–3.)  Contrary to defendants' argument, however, where a

21   plaintiff alleges a violation of § 2605, as do plaintiffs here, § 2614 expressly provides that

22   the action must be brought "within 3 years . . . from the date of the occurrence of the

23   violation," see 12 U.S.C. § 2614, which, as alleged in the SAC, was no less than sixty days

24   after October 26, 2010, the date on which plaintiffs sent the subject request.  As the instant

25   action was filed on September 4, 2012, plaintiffs' RESPA claim is not time-barred.

26   Accordingly, plaintiffs' Seventeenth Cause of Action is not subject to dismissal on any of

27   the grounds raised by the instant motion.

28

1

### 5.     Eighteenth Cause of Action

2      Plaintiffs' Eighteenth Cause of Action, formerly the Fifteenth, is brought under

3  California's Unfair Competition Law ("UCL"), which prohibits "unlawful, unfair, or fraudulent

4  business act[s] or practice[s]."  <u>See</u> Cal. Bus. & Prof. Code § 17200.  In its May 22 order,

5  the Court dismissed plaintiffs' UCL claim as derivative of plaintiffs' other causes of action,

6  all of which had been dismissed.  (<u>See</u> May 22 Order at 12:15–17.)  As discussed above,

7  plaintiffs' RESPA claim, as alleged in the SAC, has survived defendants' motion to dismiss.

8  Accordingly, to the extent plaintiffs' Eighteenth Cause of Action is based on their

9  Seventeenth Cause of Action, plaintiffs have cured the deficiency identified in the Court's

10  May 22 order, and said claim is not subject to dismissal; it may, however, be amended to

11  include, as a further basis, claims for which plaintiffs have herein been given leave to

12  amend.

13

### 6.     Nineteenth Cause of Action

14      In their Nineteenth Cause of Action, formerly the Sixteenth, plaintiffs allege

15  defendants, by recording with the Marin County Recorder's Office the above-referenced

16  Assignments of Deed and by filing "documents" with the SEC, engaged in false advertising

17  in violation of California Business and Professions Code § 17500.  (<u>See</u> SAC ¶¶ 330–31.)

18  In its May 22 order, the Court dismissed the claim and gave plaintiffs leave to amend to set

19  forth factual allegations from which one could infer from such recordation "an intent on the

20  part of any defendant to dispose of real . . . property or to induce the public to enter into

21  any obligation relating thereto."  (<u>See</u> May 22 Order at 10:12–15 (quoting Cal. Bus. & Prof.

22  Code § 17500).)  The SAC contains no new allegations as to intent.  Accordingly, plaintiffs'

23  Nineteenth Cause of Action will be dismissed without further leave to amend.

24

### 7.     Twentieth Cause of Action

25      In their Twentieth Cause of Action, formerly the Eighteenth, plaintiffs seek to quiet

26  title to the subject property.  In its May 22 order, the Court dismissed the claim with leave to

27  amend to allege tender of payment.  (<u>See</u> May 22 Order at 11:2–3.)  In the SAC, plaintiffs

28  allege that they "served a Tender Offer upon NDEX, (IndyMac's foreclosure agent), as well

1   as upon IndyMac Federal Bank . . . on March 12, 2009 offering to tender the alleged

2   indebtedness if either NDEX or [IndyMac] could prove it had authority to collect the debt

3   under the alleged Note" and that IndyMac "did not accept [p]laintiffs' offer to tender

4   because it has no interest in the property and no money is due it."  (SAC ¶ 338.)

5          As discussed in the May 22 order, to bring a claim to quiet title, plaintiffs must show

6   they "are the rightful owners of the property, i.e., that they have satisfied their obligations

7   under the Deed of Trust."  See Kelley v. Mortgage Elec. Registration Sys., 642 F. Supp. 2d

8   1048, 1057 (N.D. Cal. 2009).  Here, plaintiffs now allege they made only a conditional offer,

9   which is not sufficient to constitute the requisite tender.  See Arnolds Mgmt. Corp. v.

10  Eischen, 158 Cal. App. 3d 575, 580 (1984) (holding "[a] tender must be one of full

11  performance and must be unconditional to be valid") (internal quotation and citation

12  omitted).

13         Accordingly, plaintiffs' Twentieth Cause of Action will be dismissed without further

14  leave to amend.

15         **8.     Twenty-First Cause of Action**

16         In its May 22 order, the Court dismissed plaintiffs' Nineteenth Cause of Action, by

17  which plaintiffs asserted a claim for rescission under TILA, and afforded plaintiffs leave to

18  "plead, if they can do so, facts showing TILA's applicability" to the loan modification here at

19  issue.  (See May 22 Order at 12:7–9.)  As discussed above, plaintiffs, in their Twenty-First

20  Cause of Action, now bring their rescission claim under California Civil Code § 1689, which

21  provides that a party to a contract may rescind if "the consent of the party rescinding . . .

22  was given by mistake, or obtained through duress, menace, fraud, or undue influence,

23  exercised by or with the connivance of the party as to whom he rescinds, or of any other

24  party to the contract jointly interested with such party."  See Cal. Civ. Code § 1689(b)(1).

25  As further discussed above, plaintiffs' Fourteenth Cause of Action, by which they allege

26  fraud in connection with their loan modification agreement, is now sufficiently pleaded to

27  state a claim, and, consequently, plaintiffs have cured the deficiency identified in the May

28  22 order.  Accordingly, the Twenty-First Cause of Action is not subject to dismissal on

grounds other than lack of standing.

### 9.    Twenty-Third Cause of Action

In their Twenty-Third Cause of Action, plaintiffs bring a claim under California Civil Code sections 3412 to 3415 for "Cancellation of Instruments Clouding Title."  Defendants argue such claim is new and brought without prior leave of court.  Cancellation of a written instrument is an equitable remedy that is appropriate if "there is a reasonable apprehension that if left outstanding [the instrument] may cause serious injury to a person against whom it is void or voidable[.]"  See Cal. Civ. Code § 3412.  Here, as plaintiffs point out, cancellation, although not brought as a separate cause of action in the FAC, is referenced therein as part of their prayer for relief.  Nevertheless, because the cancellation sought here is based on plaintiffs' fraud claims, which, as discussed, are all subject to dismissal, such claim likewise is subject to dismissal.  Accordingly, plaintiffs' Twenty-Third Cause of Action will be dismissed with leave to amend.

### CONCLUSION

For the reasons stated above:

1.  Defendant Wells Fargo's motion to dismiss is hereby GRANTED, and plaintiffs' Twentieth Cause of Action, to the extent it is brought against Wells Fargo, is hereby DISMISSED without leave to amend.

2.  Defendants OneWest, Deutsche Bank, and NDEX's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

a.  Plaintiffs' First, Second, Third, Nineteenth, and Twentieth Causes of Action, are hereby DISMISSED without leave to amend;

b.  Plaintiffs' Fourth through Sixteenth and Twenty-First through Twenty-Third Causes of Action are hereby DISMISSED with leave to amend as set forth below;

c.  As to plaintiffs' Seventeenth and Eighteenth Causes of Action, the motion is DENIED.

3.  If plaintiffs wish to file a Third Amended Complaint for purposes of curing any or all of the deficiencies identified above, any such Third Amended Complaint shall be filed no

1  later than three weeks after the date of this order.  Plaintiffs may not, however, add new

2  causes of action, new plaintiffs, or new defendants without leave of court.  See Fed. R. Civ.

3  P. 15(a)(2).  If plaintiffs do not file a Third Amended Complaint within the time provided, the

4  instant action will proceed on the remaining claims in the Second Amended Complaint.

5       **IT IS SO ORDERED.**

6

7  Dated: December 19, 2013

                                 MAXINE M. CHESNEY
                                 United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28