**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRELL MCDONALD and FLORA MCDONALD,

      Plaintiffs,

v.

INDYMAC MORTGAGE SERVICES, et al.,

      Defendants.
_____/

No. C 12-4610 MMC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

      Before the Court is defendants OneWest Bank F.S.B. ("OneWest") and Deutsche Bank National Trust Company's ("Deutsche Bank") motion, filed February 25, 2014 and joined by defendant NDEX West, LLC ("NDEX"), to dismiss plaintiffs Darrell and Flora McDonald's Third Amended Complaint ("TAC"). Plaintiffs have filed opposition, to which OneWest/Deutsche Bank has replied. Having read and considered the parties' respective written submissions, the Court rules as follows.[1]

**BACKGROUND**

      On September 4, 2012, plaintiffs filed the instant action, by which plaintiffs challenge defendants' right to collect payments on plaintiffs' mortgage loan.

      On January 9, 2014, plaintiffs filed their TAC, in which plaintiffs assert the following eighteen causes of action: "Fraud" (First through Twelfth Causes of Action); "Violation of 15

---

[1] By order filed April 1, 2014, the Court took the motion under submission.

U.S.C. § 1692 et seq. the Fair Debt Collection Practices Act (FDCPA)" (Thirteenth Cause of Action); "Violation of RESPA 12 C.F.R. § 226 et seq. and 12 C.F.R. § 2605" (Fourteenth Cause of Action); "Unfair Competition Law (UCL), California Bus. And Prof. § 17200 et seq." (Fifteenth Cause of Action); "Rescission or Reformation of Unconscionable Modification (California Code of Civil Procedure § 1689(b)(1)) and Fraud" (Sixteenth Cause of Action); "Break in Chain of Title and Splitting of the Note from the Deed of Trust" (Seventeenth Cause of Action); and "Cancellation of Instruments Clouding Title (California Civil Code §§ 3412-3415)" (Eighteenth Cause of Action).

By the instant motion, defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiffs' First through Thirteenth and Sixteenth through Eighteenth Causes of Action (hereinafter, "the challenged claims").

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must

be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

### A. Challenged Claims

Of the sixteen causes of action challenged by defendants, all but two are based solely on plaintiffs' allegation that certain assignments of the deed of trust securing their loan were defective. Specifically, plaintiffs allege that a March 4, 2009 assignment to OneWest's predecessor in interest and a May 21, 2009 assignment to Deutsche Bank as trustee of a mortgage loan trust (see id. TAC ¶¶ 3, 62, 77) were "Robo Signe[d]" (see id. ¶ 119), which "forgery" (see, e.g., id. ¶¶ 119. 125), according to plaintiffs, constituted fraud (see id. ¶ 15, 124), and, further, that the latter assignment occurred after the trust's "closing date" (see id. ¶¶ 257-260).

The remaining two causes of action, specifically the Thirteenth and Sixteenth, are based in part on the above-referenced assertedly defective assignments and in part on additional allegations. The Thirteenth Cause of Action is based on an additional allegation that defendants, in violation of 15 U.S.C. § 1692g(a), failed to send plaintiffs a timely notice as to OneWest's purchase of its predecessor's assets (see id. ¶¶ 3, 270), and the Sixteenth Cause of Action is based on an additional allegation that the modification of the subject loan was entered under fear of foreclosure and thus, according to plaintiffs, under duress, and, further, that such modification was unconscionable in light of the terms of their balloon payment (see id. ¶¶ 304-307).

### B. Standing

#### 1. Property of Bankruptcy Estate

By order filed December 19, 2013, the Court dismissed the challenged claims as then alleged in plaintiffs' Second Amended Complaint ("SAC"). (See Order Granting Wells Fargo's Motion to Dismiss, filed Dec. 19, 2013 (hereinafter "Order") at 14:19-26.) In particular, the Court found plaintiffs lacked standing to bring those causes of action

because all of the events on which such claims were based had occurred prior to November 19, 2010, the date on which plaintiffs filed for bankruptcy, and plaintiffs had not listed any such claims in their bankruptcy schedules. As the Court noted therein, claims that accrue prior to the filing of a bankruptcy petition become the property of the bankruptcy estate, and, where "a debtor fails 'properly to schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and [does] not revert to [the debtor].'" (See id. at 3:28-4:22 (quoting Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001)).)

In that same order, the Court afforded plaintiffs leave to amend to allege the challenged claims could not have been discovered prior to November 19, 2010. (See Order at 6:8-23, 8:9-13); see also Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1109 (1988) (noting under "discovery rule" accrual of cause of action is delayed until plaintiff is aware of injury and its cause). By the instant motion, defendants argue plaintiffs have failed to cure the deficiency identified by the Court in its prior order.

In the TAC, plaintiffs now allege that they did not suspect the signatures on the assignments were "forger[ies]" until shortly before they filed their initial complaint. (See TAC ¶ 125.) In particular, plaintiffs allege that in "the summer of 2012" they "saw on a television program that banks were engaged in 'Robo-signing' and the production of forged documents and notaries," which led plaintiffs to "engage in internet research that revealed" (1) the individual who signed the assignments "appeared on several lists of 'Robo Signers' on various websites" (see id.), and (2) the prospectus for the mortgage loan trust to which their deed of trust was assigned stated the trust closed a number of years before the May 2009 assignment thereto (see id. ¶ 257-260).

Plaintiffs' new allegations are relevant, as plaintiffs concede (see Opp'n at 4:8), only to the extent their causes of action arise from the allegedly defective assignments, and, to that extent, the Court finds plaintiffs' have cured the deficiency previously noted. See Nelson v. Invedus Pharmaceuticals, Inc., 142 Cal. App. 4th 1202, 1208 (2006) (finding complaint in products liability action timely filed where plaintiff first learned of medication's

4

1  harmful side effects when viewing television advertisement by personal injury attorney;
2  rejecting argument that plaintiff had duty to investigate before plaintiff had experienced
3  symptoms or had other reason to suspect wrongdoing).  To the extent plaintiffs' claims are
4  based on other grounds, however, the Court finds plaintiffs have failed to show they have
5  standing, and, consequently, for the reasons stated in the Court's prior order, such
6  additional claims remain the property of the bankruptcy estate.  See Cusano, 264 F.3d at
7  945.

8  Accordingly, plaintiffs' Thirteenth and Sixteenth Causes of Action, to the extent such
9  causes of action do not arise from alleged defects in the assignments of plaintiffs' deed of
10 trust, are subject to dismissal for lack of standing.

**2.    Injury**

12  Defendants next argue plaintiffs fail to plead a cognizable injury caused by the
13 alleged defects in the assignments.  (See Mot. at 5:24-6:2.)  The Court agrees.
14  To establish Article III standing, a plaintiff must demonstrate that (1) he has suffered
15 an "injury in fact"; (2) the injury is "fairly traceable to the challenged action of the
16 defendant"; and (3) the injury "likely . . . will be redressed by a favorable decision."  See
17 Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotations and
18 citations omitted).
19  Here, as noted, plaintiffs' First through Twelfth and Seventeenth Causes of Action
20 are based on the above-discussed allegations that the March 4, 2009 and May 21, 2009
21 assignments of plaintiffs' deed of trust contained a "forged," or "Robo Signe[d]," signature
22 (see TAC ¶¶ 62, 77, 119, 123, 125), and that the latter assignment, which was to a
23 mortgage loan trust, occurred after the trust's closing date (see id. ¶¶ 319-321).  According
24 to plaintiffs, the alleged defects "voided" (see, e.g., id. ¶ 158) the two assignments, leaving
25 defendants without any interest in plaintiffs' deed of trust (see, e.g., id. ¶ 15).  As a result,
26 plaintiffs contend, their continued payments on the loan constitute an injury.  (See Opp'n at
27 15:23-26.)  Plaintiffs' argument is not persuasive.
28  Pursuant to California law, the "relevant parties" to an "asserted improper

5

securitization . . . or any other invalid assignments or transfers of the promissory note" are "the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note." See Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 514-15 (2013) (internal quotation and citation omitted). As to the mortgagor, "an assignment merely substitute[s] one creditor for another, without changing [his/her] obligations under the note." See id. at 515. Consequently, plaintiffs' continued payment on their mortgage cannot constitute an injury. See id. (noting injured party, if any, is "entity or individual who believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of their interest in the note").

Under such circumstances, numerous federal courts have recognized that a mortgagor, as an "unrelated third party" to an alleged "irregularit[y] in the chain of transfer," lacks standing to assert a claim based thereon. See Moran v. GMAC Mortgage, LLC, et al., 2014 WL 2768871, at *5-6 (N.D. Cal. June 18, 2014) (finding robo-signed assignment of deed of trust did "not itself constitute harm to the borrower because it d[id] not affect the foreclosure, which [was] the only injury suffered by the homeowner"; dismissing on basis of lack of Article III standing mortgagor's causes of action, including fraud); Zapata v. Wells Fargo Bank, N.A., 2013 WL 6491377, at *2 (N.D. Cal. Dec. 10, 2013) (collecting cases); see also Jenkins, 216 Cal. App. 4th at 515 (finding, under California law, plaintiff lacked standing to bring claims based on asserted defective assignment of deed of trust).[2]

Accordingly, plaintiffs' First through Twelfth and Seventeenth Causes of Action are subject to dismissal for lack of standing, as is plaintiffs' Eighteenth Cause of Action, which is wholly derivative thereof; plaintiffs' Thirteenth and Sixteenth Causes of Action, to the extent such causes of action are based on alleged defects in the assignments of plaintiffs' deed of trust, likewise are subject to dismissal.

---

[2] In their opposition, plaintiffs quote at length from Glaski v. Bank of America, N.A., 218 Cal. App. 4th 1079 (2013), which holds to the contrary. As one district court has observed, however, "[e]very court in this district that has evaluated Glaski has found it unpersuasive and not binding authority." See Zapata, 2013 WL 6491377, at *2.

**CONCLUSION**

For the reasons stated above:

1. Defendants' motion to dismiss is hereby GRANTED, and plaintiffs' First through Thirteenth and Sixteenth through Eighteenth Causes of Action are hereby DISMISSED without leave to amend.

2. As a result of the Court's ruling herein, the instant action will now proceed on the TAC's Fourteenth Cause of Action and Fifteenth Cause of Action to the extent based thereon, neither of which has been challenged by the instant motion.

**IT IS SO ORDERED.**

Dated: July 9, 2014

MAXINE M. CHESNEY
United States District Judge